[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 3, 1961, in New Rochelle, New York. The plaintiff has resided continuously in this state for the last twenty five years. There are four children of the parties all of whom have reached the age of majority. The evidence presented indicated that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 50, has no health problems. During the marriage in addition to raising her children she has worked as a seamstress and babysitter. She is currently attending school to obtain a high school equivalency degree which she anticipates receiving in June, 1994. She intends to pursue her education and seek an associate degree at a community college.
The defendant, age 56, also enjoys good health. He is a barber and has been so engaged since 1962. He has owned his own shop for the last several years. He has been an industrious and hardworking man throughout the marriage. He held several part time jobs to provide for his family and to be able to acquire the properties they now own.
The evidence presented has indicated that the parties have not enjoyed a happy relationship for many years. Each must bear some responsibility for the marital breakdown.
Conflicting testimony was presented as to the current income of the defendant from his operation of his barbershop. The defendant claims his gross income to be $600 per week, and the plaintiff presented evidence claiming the defendant's income to be in excess of $100,000 per year. The defendants' lack of candor has made the court's task of determining an equitable alimony award difficult. The court found the defendant's testimony as to his income less than credible. The court finds the defendant's gross income from his barbershop operation to be a minimum of $1,000 per week and based its alimony order on that conclusion.
The court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow. CT Page 3674
The following orders may enter:
1. The defendant shall pay to the plaintiff, as periodic alimony the sum of $400 per week. The payments shall commence on April 11, 1994 and continue weekly thereafter, in advance, until the death of either party or the plaintiff's remarriage, whichever event first occurs. A contingent wage withholding order may enter.
2. The defendant shall convey his interest, the marital residence at 10 Highview Avenue, Old Greenwich, Connecticut, to the plaintiff. The plaintiff shall be responsible for the payment of the mortgage and indemnify and hold harmless the defendant from any liability thereon. The defendant shall vacate the residence by May 1, 1994.
3. From this date, the parties will, as tenants in common, continue to own the commercial property at 3 Boulder Avenue, Old Greenwich, Connecticut. The building may continue to house the defendant's barber business. Until the date of sale of the property, the parties will manage the commercial property together, and each will be entitled to; receive one-half of the net profits, if any. All rental properties will be rented at fair market value to be determined by independent experts if the parties cannot agree to such fair market value. All decisions concerning the management of the rental property will be made jointly. The parties will cooperate with each other in order to manage the property properly and with an eye to maximizing their investment return.
Unless the parties agree otherwise, the property will be listed for sale on September 1, 1999. The court reserves jurisdiction over any problems arising over the management or sale of the building, including the date the property should be sold.
Upon the sale of the building, after payment of the customary closing costs and the outstanding taxes and mortgage, the net proceeds shall be equally divided between the parties.
At the time of the distribution of the proceeds of sale, the plaintiff shall pay to the defendant as an assignment of property the sum of $50,000.
4. The parties shall divide their personal property on an equitable basis. If they cannot agree, they shall consult the Family Services Unit for mediation. The court reserves jurisdiction if mediation fails.
5. The plaintiff shall retain her IRA, her checking account, PMA account, savings bonds and jewelry as listed on her financial affidavit. CT Page 3675
6. The defendant shall retain his IRA, checking account and business account as listed in his financial affidavit.
7. Each party shall retain ownership of his/her automobile.
8. The plaintiff shall retain whatever COBRA rights she has on the defendant's medical policy.
9. The parties shall each be entitled to one-half of the loan receivable due from their sons, David and Eric. They shall each be responsible for one-half of the $40,000 debt to their son David.
10. Each party shall be responsible for her/his own counsel fees.
Judgment may enter accordingly.
NOVACK, J.